# Hewson and Emlen's Appeal.

A widow having three infant children provided by her will as follows: "I wish my aunt E. to take charge of my children, and to receive annually from my estate for her services $500." The said E. took charge of the children until the youngest arrived at the age of twenty-one years. *Held,* that the above provision was akin to the appointment of a testamentary guardian of the children, and that it was the intention of the testatrix that the said annual payment should cease when the services ceased, or when the youngest child attained his majority. *Held,* further, that this intention was not affected by a subsequent direction in the will that all "annuities" bequeathed by the testatrix should cease at the death of the annuitants.

January 5th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

APPEAL from the Orphans' Court of *Philadelphia county:* Of July Term 1882, No. 23.

This was an appeal by Charles Hewson, trustee, under the will of Mary R. Cox, deceased, and Ellen M. Emlen, from a

decree of said court, dismissing their exceptions to the adjudication of the auditing judge on the second account filed by said Charles Hewson, trustee.

At the audit, before HANNA, P. J., the following facts appeared:—Mrs. Mary R. Cox, widow, died October 16th 1859, leaving three young children aged eight years, two years, and six days respectively. By her will, dated October 15th 1859, she appointed Charles Hewson to be her executor and trustee, and directed as follows:

"I wish my aunt, Ellen M. Emlen, to take charge of my children, and to receive annually from my estate for her services $500. I leave to my aunt Emily Chapman $500. I leave to my aunt Ellen M. Emlen $500."

After several bequests and annuities, the testatrix further directed:

"The annuities in all instances to cease at the death of the annuitants, and to revert to my estate, and be equally divided between my children, the issues of any child receiving among themselves the share which would have belonged to its parent if living."

By a codicil, dated the same day as the will, the testatrix provided as follows:

"In case my above-named executor and trustee, Charles Hewson, shall find that the sum left me by Mrs. Ricketts, shall not be sufficient to cover the annuities and legacies, above named, then shall a reduction be made, pro rata, in all the sums mentioned, with the exception of those left to Mrs. Emlen; to Rosalie, and Medora Cox; to Mrs. Chapman; and to Dr. Addinell Hewson."

The children of the testatrix remained in the charge of Mrs. Emlen until they reached the age of twenty-one years, respectively, the youngest becoming of age in October 1880. During said period the annuity of $500 was paid to Mrs. Emlen annually.

In the present account, the accountant claimed credit for the payment of said annuity to Mrs. Emlen of $500, on October 17th 1881. This item was objected to, on behalf of the residuary legatees, on the ground that the annuity to Mrs. Emlen, under the will of the testatrix, for taking charge of the children ceased upon the arrival of the youngest child of age in October 1880. It appeared that one of said children was married, and the others were self-supporting, and no longer required the "charge" or services of their aunt Mrs. Emlen.

The auditing judge sustained the objection, and disallowed the said credit.

Exceptions filed to the decision of the auditing judge were dismissed by the court, in an opinion by ASHMAN, J., whereupon the exceptants took this appeal, assigning for error the dismissal

by the court of the exceptions and the confirmation of the adjudication.

*Charles S. Pancoast*, for the accountant.

*George W. Biddle* (*George Emlen* with him), for Mrs. Emlen, appellant.—Apart from the language of the clause of the will giving the annuity to Mrs. Emlen, the intention of the testatrix that it should be for her life, is strengthened by the other portions of her will, wherein she provides that " the annuities in all instances (are) to cease at the death of the annuitants," and that in case of a deficiency of assets, " to cover the annuities and legacies above-named, then shall a deduction be made pro rata in all the sums mentioned with the exception of those left to Mrs. Emlen." . . . &c.   An annuity is but a form of a legacy, and the case is analogous to that of a legacy to an executor for his care and services ; in which the settled construction is that if the executor assumes his office, he is entitled to his legacy whether he performs all or a part only of the duties of executor.   Mrs. Emlen having clothed herself with the character prescribed by the testatrix, fulfilled the condition and became entitled to her annuity for life, irrespective of the termination of the services incident to the character.   Such a legacy is a gift and is not dependent upon a contractual relation, which would give rise to an apportionment of the legacy in proportion to the amount of service rendered : Harrison *v.* Rowley, 4 Ves. 212 ; Williams on Executors 1394 (6th Amer. Ed.) Roper on Legacies 520–21 ; 2 Jarman on Wills 505, note 1 ; Hollingsworth *v.* Grassett, 15 Sim. 53 ; Stackpoole *v.* Howell, 13 Ves. 417 ; Morris *v.* Kent, 2 Edw. Ch. R. 175 ; Beck's Appeal, 10 Wr. 527; Biddle's Appeal, 30 P. F. S. 258.

*Wm. Wynne Wister, Jr.* (with him *Thomas B. Prosser* and *W. E. Littleton*), for the appellees.—The principle and authorities relied on by appellant's counsel are not analogous, in that there is no bequest or legacy or annuity, as such, to Mrs. Emlen, but a request that she take charge of testatrix's children, and if she does she is to receive annually for her services $500. This is different from a legacy, or a simple annuity of $500 per annum to an executor, who, upon fulfilling a condition precedent, would become entitled.   The clear intention of the testator was as found by the court below.

Mr. Justice Trunkey delivered the opinion of the court, April 16th 1883.
This will was made the day before the decease of the testa-

trix. She was a widow with three young children. The manner of expression in bequeathing the several annuities and legacies throw little, if any, light upon the intention of the testatrix in the clause:  " I wish my aunt, Ellen M. Emlen, to take charge of my children, and *to* receive annually from my estate, for her services, $500."

Although the will is not in technical form or language, the purpose of it is obvious, and the meaning of the several items, except the first, is too clear for different interpretations.  Perhaps, to persons unfamiliar with technical phrase, the meaning of the first clause in the will, providing for the first and chief objects in the mind of the testatrix, would be almost equally clear. They would understand that she wished Mrs. Emlen to take charge of her children during their minority, and receive each year $500 for her services; and that when she ceased to serve, her pay would cease. There might be some difference of opinion respecting the character of the services, but whatever the services, the compensation therefor is fixed. It is commonly understood that parents have power to place their children under the care of another only while they are infants, and hence the duration of the charge would not be inferred to extend beyond their minority. We are not convinced that anything in the will, or any rule of construction, requires departure from the usual sense of the words in order to ascertain the intention.

The statute authorizes a father *to* devise the custody of his unmarried child during his or her minority, or for any shorter period. Had the father of these children appointed a testamentary guardian of their persons, and provided for his compensation, in similar language as used in the first clause of this will, his intention would not have been doubtful. In such case the guardian would be entitled to the stipulated price for each year of service, and the service would terminate when the children reached majority. Acceptance and service would not entitle him to receive the annual price after the relation ceased, or vest in him an annuity for life. The testatrix wished Mrs. Emlen to take charge of the children, and receive a certain sum annually for her services. This is akin to an appointment of a testamentary guardian of the person, and should be similarly construed. The mother had confidence that her aunt would comply with her wish, though not guardian of the children, and not having legal power over them, and for her service named the compensation. In the nature of the service its value rested in the fidelity of Mrs. Emlen. She faithfully performed the trust, and that she was entitled to the annual bequest therefor until full age of the youngest child has not been denied. But she is no more entitled to the payment of said

[John's Appeal.]

sum per annum during her life than if she had been testamentary guardian serving on the same terms.

This is not like the case of a legacy to an executor, where any acts which show an intention to execute the trust give at once a vested right to the entire legacy. Nor is it a bequest of an entire sum for the performance of a trust. But it is a direction for payment of a certain sum annually for services in the charge of children. By doing something in the charge of the children, Mrs. Emlen became entitled to the annual payment. Acceptance and performance were necessary on her part, and the right to receive the payment ended with the termination of her relation to the children.

Decree affirmed and appeal dismissed at the costs of the appellants.

STERRETT, J., dissented.